IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN LAFRANCE, LLC. | ) | Case No. 08-10178 (BLS) |
| | ) | |
| | ) | Obj. Dead.: March 17, 2008 @ 4:00 p.m. (ET) |
| Debtor. | ) | Hrg. Date: March 24, 2008 @ 2:30 p.m. (ET) |

## APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 4, 2008

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor"), hereby moves the Court for entry of an order under sections 328 and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), authorizing the employment and retention of the consulting firm FTI Consulting, Inc., together with its wholly-owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisors to the Committee. In support of this Application, the Committee respectfully states as follows:

### Background

1. On January 28, 2008 (the "Petition Date"), the Debtor filed with this Court its voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as a debtor in possession.

#9338642 v2

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

3. On February 4, 2008, the United States Trustee appointed the Committee, consisting of the following five members: Daimler Trucks North America, LLC; Bennett Motor Express, LLC; Hale Products, Inc./Class One, Inc.; Ryder Integrated Logistics; and Rehoboth Beach Volunteer Fire Company, Inc.

4. On February 4, 2008, the Committee selected the law firm of Pepper Hamilton, LLP to represent it in connection with the Debtor's Chapter 11 proceedings and selected FTI as its financial advisor.

### Relief Requested

5. By this Application, the Committee seeks to employ and retain FTI pursuant to sections 328 and 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in this chapter 11 case, *nunc pro tunc* to February 4, 2008.

6. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

7. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtor and its professional advisors to maximize the value of its estate and to reorganize successfully. Further, FTI is well qualified and able to represent the

Committee in a cost-effective, efficient and timely manner.

## Scope of Services

8. FTI will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of this chapter 11 case, including but not limited to the following:

- Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Committee with information and analyses required pursuant to the Debtor's Debtor-in-Possession ("DIP") financing including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

- Assistance with a review of the Debtor's short-term cash management procedures;

- Assistance and advice to the Committee with respect to the Debtor's identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance with a review of the Debtor's cost/benefit analyses with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance regarding the identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review of financial information distributed by the Debtor to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtor, potential investors, banks, other secured lenders, the Committee and any other official committees organized in this chapter 11 proceeding, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan in this chapter 11 proceeding;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent

conveyances and preferential transfers;

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

## FTI's Eligibility for Employment

9. FTI has informed the Committee that, except as may be set forth in the Affidavit of Samuel Star (the "Star Affidavit"), it does not represent any other entity having an adverse interest in connection with this case, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

10. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

11. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

## Terms of Retention

12. FTI is not owed any amounts with respect to pre-petition fees and expenses.

13. The Committee understands that FTI intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory and consulting services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee. FTI seeks a fixed monthly allowance for compensation of $75,000 for the first month and $50,000 per month thereafter, (the "Monthly Advisory Fee"), plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any legal

#9338642 v2

fees incurred related to FTI's retention and defense of fee applications in this matter, subject to Court approval.

### Notice

14. Notice of this Application has been given to (i) the Debtor, (ii) the United States Trustee, (iii) counsel to the proposed DIP lenders, and (iv) those entities that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Committee submits that no further notice is required.

### No Prior Request

15. No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, *nunc pro tunc* to February 4, 2008, and grant such further relief as is just and proper.

New York, NY
February 26, 2008

_____
Stefan H. Kurschner
Chairperson of the Official
Committee of Unsecured Creditors
of American LaFrance, LLC