IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN LAFRANCE, LLC. | ) | Case No. 08-10178 (BLS) |
| | ) | |
| | ) | |
| Debtor. | ) | |

**AFFIDAVIT IN SUPPORT OF THE APPLICATION
FOR AN ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF FTI CONSULTING, INC. AS
FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

STATE OF <u>New York</u>    )
                          ) ss.
COUNTY OF <u>New York</u>  )

Samuel Star, being duly sworn, hereby deposes and says:

1.    I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly-owned subsidiaries, agents, independent contractors and employees "FTI"), a financial advisory services firm with numerous offices throughout the country. I submit this Affidavit on behalf of FTI (the "Affidavit") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") to the above-captioned debtor and debtor-in-possession (the "Debtor"), for an order authorizing the employment and retention of FTI as

financial advisors to the Committee under the terms and conditions set forth in the Application. Except as otherwise noted[1], I have personal knowledge of the matters set forth herein.

## Disinterestedness and Eligibility

2.  In connection with the preparation of this Affidavit, FTI conducted a review of its contacts with the Debtor, its affiliates and certain entities holding large claims against or interests in the Debtor that were made reasonably known to FTI. A listing of the parties reviewed is reflected on Exhibit A to this Affidavit. FTI's review, completed under my supervision, consisted of a query of the Exhibit A entities within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI. A summary of such relationships that FTI identified during this process is set forth on Exhibit B to this Affidavit.

3.  Based on the results of its review, FTI does not have a relationship with any of the parties on Exhibit A in matters related to these proceedings. FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtor's case for the various entities shown on Exhibit B. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support and/or engineering and scientific investigation consulting services. To the best of my knowledge, no services have been provided to these parties in interest which are adverse to the Committe, nor does FTI's involvement in this case compromise its ability to continue such consulting services.

---

[1] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI
(continued...)

4. FTI provided assistance to Patriarch Partners Management Group, LLC and certain of its affiliates in connection with matters unrelated to the Debtor or this case, including in connection with a wrongful termination lawsuit. This matter ended in January, 2007. Additionally, FTI provides financial advisory services to a lender group, which includes Patriarch Partners, in an unrelated matter. No professionals involved in these engagements will be involved in representing the Committee in this case.

5. Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtor's case. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in this proceeding. In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor and this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Committee herein in matters upon which FTI is to be employed, and none are in connection with this case.

---

(continued...)
    and are based on information provided by them.

5. FTI is not believed to be a "Creditor" with respect to fees and expenses within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the FTI engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtor's stock.

6. FTI has not reviewed the relationship that the members of the FTI engagement team may have against a comprehensive list of employees within the U.S. Trustee's office in this District, but will do so upon being provided with a list of such persons by the office of the U.S. Trustee.

7. As such, to the best of my knowledge, FTI does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore I believe FTI is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

8. It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

## Professional Compensation

9. Subject to Court approval and in accordance with the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on a fixed monthly rate, plus reimbursement of actual and

necessary expenses incurred. FTI's fee structure for this case is outlined in the Application for the employment of FTI.

10. According to FTI's books and records, during the ninety day period prior to the Debtor's petition date, FTI performed no professional services or incurred any reimbursable expenses on behalf of the Debtor.

11. To the best of my knowledge, a) no commitments have been made or received by FTI with respect to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code and b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with this chapter 11 case.

Dated this 22nd day of February 2008.

(signature) _____

Samuel Star

SUBSCRIBED AND SWORN TO BEFORE ME this 22th day of February 2008.

_____
Notary Public

My Commission Expires:
May 24, 2008

LINDA J. PEARSON
NOTARY PUBLIC, STATE OF NEW YORK
No. 01PE6110512
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES MAY 24, 2008